**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Paul Rondeau

   v.                                                  Case No. 12-fp-498

David Dionne, Superintendent,
Hillsborough County Department
of Corrections

**O R D E R**

Before the court is Paul Rondeau's request for a preliminary injunction (doc. no. 1), which has been docketed as the complaint in this matter. The request for preliminary injunctive relief has been referred to this magistrate judge for a report and recommendation as to disposition. See Order (doc. no. 3).

**Standard for Preliminary Injunction**

"A preliminary injunction is an 'extraordinary and drastic remedy.'" Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).

> A plaintiff seeking a preliminary injunction must
> establish that he is likely to succeed on the merits,
> that he is likely to suffer irreparable harm in the
> absence of preliminary relief, that the balance of

    equities tips in his favor, and that an injunction is
    in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also People's Fed. Sav. Bank, 672 F.3d at 9.

Demonstration of both a likelihood of success on the merits and irreparable harm in the absence of an injunction is required to obtain preliminary injunctive relief.  See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis); Voice of the Arab World, 645 F.3d at 32 ("[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." (internal quotation marks and citation omitted)).

### Discussion

Rondeau alleges that he is not receiving adequate medical care for a head injury and other unspecified medical problems. The allegations, as presently stated in Rondeau's request, are insufficient to demonstrate that Rondeau is likely to succeed on the merits of his claim or that he is at risk of irreparable

harm in the absence of an injunction.  Because Rondeau alleges a head injury, however, in an exercise of caution, the court will give Rondeau leave to amend his request to set forth facts sufficient to demonstrate that he may be entitled to preliminary injunctive relief.

Rondeau may amend his complaint and his request for a preliminary injunction to state the nature and extent of his medical problems, and how he has been denied adequate care for those problems.  To proceed in this matter, Rondeau's complaint must state facts to demonstrate that each individual defendant was aware of plaintiff's serious medical needs and failed to provide adequate medical care with "deliberate indifference" to a serious risk to Rondeau's health or safety. See Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497-98 (1st Cir. 2011) (explaining Eighth Amendment standard for prisoner inadequate medical care claim); see also Burrell v. Hampshire Cnty., 307 F.3d 1, 7 (1st Cir. 2002) (pretrial detainee's inadequate medical care claims arise under the Fourteenth Amendment; standard applied to detainees' claims is the same as the Eighth Amendment standard).  In an amended request for injunctive relief, Rondeau must show that he is likely to succeed on his federal constitutional claims relating to inadequate medical

care, and he must state facts to demonstrate that he will suffer non-speculative, irreparable harm if the court fails to issue the requested injunction.  See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6-7 (1st Cir. 1991) ("[s]peculative injury does not constitute a showing of irreparable harm" (citation omitted)).

## Conclusion

Rondeau is granted leave to file two documents: (1) an amended complaint and (2) an amended motion for a preliminary injunction.  Both of those documents must be filed within thirty days of the date of this order.

In the amended complaint:

- Rondeau must name and provide the job title or job responsibilities of each individual Rondeau claims violated his rights, relating to his head injury or other medical problems, whom he intends to name as a defendant;
- Rondeau must state the facts showing that he has a serious medical need; and
- Rondeau must state, with specificity, what each individual defendant, including Superintendent David Dionne, did or failed to do that violated Rondeau's rights.

In the amended motion for a preliminary injunction:

- Rondeau must allege facts sufficient to demonstrate that he is likely to succeed on his claims relating to defendants' deliberate indifference to his serious medical needs; and
- Rondeau must allege facts sufficient to demonstrate

that he will suffer irreparable harm in the absence of an injunction.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 20, 2012

cc: Paul Rondeau, pro se

LBM:jba